UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KULON LEWIS, JR.,

        Petitioner,

            v.                          CAUSE NO. 3:25-CV-284-JD-APR

WARDEN,

        Respondent.

OPINION AND ORDER

       Kulon Lewis, Jr., a prisoner without a lawyer, filed a habeas petition challenging three disciplinary decisions at the Indiana State Prison: ISP-24-9-2272, ISP-24-9-2273, ISP-24-9-2274. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

       Lewis argues that he is entitled to habeas relief because he was not screened within ten days of the charged misconduct as required by Ind. Code § 11-11-5-5(b). This statutory provision states, "The department may not charge a committed person with a disciplinary rule violation unless it does so within ten (10) days of the date it becomes aware of that person's alleged involvement in misconduct." To start, it does not appear that correctional staff violated Ind. Code § 11-11-5-5(b). In Case No. ISP-24-9-2273, the charged misconduct occurred on September 11, 2024, and a correctional sergeant prepared the conduct report setting forth the charged misconduct on September 12, 2024. ECF 2-1 at 1-2. Though Lewis may not have been notified of the charge until

October or November 2024 as he represents, it appears that he was charged one day after the date of the charged misconduct. Similarly, in Case Nos. ISP-24-9-2272 and ISP-24-9-2274, Lewis represents that the charged misconduct occurred on September 11, 2024, and the associated screening orders indicate that the disciplinary cases were assigned to the screening officer on September 12, 2024. ECF 2-1 at 5, 9. The dates of assignment in tandem with the case numbers[1] suggest that conduct reports for Case Nos. ISP-24-9-2272 and ISP-24-9-2274 were also created on September 12, 2024.

Further, Lewis would not be entitled to habeas relief even assuming a violation of Ind. Code § 11-11-5-5(b) because habeas relief is available only for errors of federal law. *See* 28 U.S.C. § 2254(a). Notice of the disciplinary charge within a particular amount of time after the charged misconduct is not listed among the constitutional requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow State law alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had

---

[1] It seems self-evident that the first two segments of the prison disciplinary case numbers pertain to the year and month in which the prison disciplinary case was initiated, but departmental policy also confirms this understanding of the numbering system. *See* Indiana Department of Correction, Disciplinary Code for Adult Offenders, Policy No. 02-04-101, pt. VIII.A.3.e., available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

"no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Because Lewis has not asserted a valid claim for habeas relief, the habeas petition is denied. If Lewis wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kulon Lewis, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on April 18, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT